W. S. Cook and others, Infants, by next friend, *ex parte*.

October Term, 1877.

INFANTS — INVESTMENT OF FUNDS. — The court may, if shown to be manifestly for their interest, invest the money of infants in land owned by the mother, which constitutes the common home of mother and children, or in the notes of the mother given for the land, but only when it is shown that the fund will extinguish the last payments, or purchase all of the notes which are a lien on the land.

*John A. Campbell*, for petitioners.

THE CHANCELLOR : — The application is by infants, who appear by their paternal uncle as next friend, to invest a small fund, now held by this court, in the notes of the mother of the infants, given for land, or the land itself. The evidence shows that the petitioners are the only children of their widowed mother, Joanna Cook ; that the mother bought from one Moore a tract of land of seventy-nine and one-half acres, with fair improvements, on which she lives with her children ; that the purchase-price was $2,000, of which she paid in cash $1,100, and gave for the residue her four notes for $225 each, due, respectively, on April 1, 1877, 1878, 1879, and 1880. The first of these notes is entitled to a credit of $12.50, and the vendor has agreed to surrender one of the notes, the last falling due, upon a reconveyance to him of nine acres of the land, least essential to the farm as a home. The fund of the children in this court consists of $613.36, subject to a small deduction for costs. Under a reference made for the purpose, the master has taken proof, and reports that the investment sought would be manifestly for the interest of the children. Upon examination, I concur with him in the conclusion. I am satisfied that in no other way could the small fund, the whole estate of the infants, be better utilized for their benefit. It secures them a home, on which they can, with the

aid of their mother, make a support for themselves and her. But I can only consent to such an investment by seeing that the fund will cover the unpaid residue of the purchase-money. For, if insufficient for this purpose, the whole of the land might be hereafter taken for even a small part of the purchase-money at forced sale, the children having nothing more to advance, and the mother showing her inability by actively urging this application. Nor am I willing to invest the fund directly in the land. I prefer to invest it in the notes of the mother, retaining the vendor's lien on the land for their payment. The annual interest may be appropriated to reimbursing the mother, to that extent, for the support of the children.

The record submitted to me does not include the vendor's deed to the land. It must be filed, so that I can see that it does convey the land, with proper covenants of warranty, and with a lien retained for the payment of the notes. If, upon its production, these points are satisfactory, I will authorize the master, when evidence has been filed showing that one of the notes is extinguished by the reconveyance of nine acres, and that so much of another one of the notes has been paid by the widow as to bring the unpaid purchase-money within the net means of the infants, to invest those means in the remainder of the notes, taking an assignment thereof to himself, as clerk and master, for the infants, so as to have the benefit of the vendor's lien reserved for their payment, and hold the notes, together with the deed, for the infants, subject to the further order of the court. The original vendor will only be required to indorse the notes without recourse. The costs must, unless voluntarily paid by the mother, come out of the funds of the infants.